UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


GARY LESSOR,

                    Plaintiff,

vs.                                      Case No.  5:09-cv-463-Oc-29GRJ

SHERIFF  ED  DEAN;  M.   CARTER,
Investigator;  JOHN   E.   FLUNO,
Investigator; MAJOR PAUL LAXTON;
CAPTAIN  M.   FORTE;  SGT.   K.
SAVARESE; SGT. A. PRITCHER; and
SGT. VICKI E. CHRISMAN,

                    Defendant.
_____


## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the
file.  Plaintiff, initiated this action by filing a *pro se* civil
rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1,
Complaint) on October 22, 2009, while he was confined in the Marion
County Jail.  Plaintiff attaches to his Complaint various
institutional grievances, correspondence, and other documents in
support of his Complaint.  Plaintiff seeks to proceed *in forma
pauperis* in this action.  See Affidavit of Indigence (Doc. #2).

**I.**

According to the Complaint and documents attached thereto, on
August 7, 2009, a female inmate, E.S.,[1] approached Plaintiff while

---

[1]Instead of referring to the female inmate by name, the Court
will refer to her by her initials.

he was being booked into the Marion County Jail and spit on him. Complaint at 8. Plaintiff complains that he was not permitted to press charges against the E.S. and "believe[s] [his] civil rights have been violated." Id. In particular, Plaintiff complains that although Defendant Sergeant Vicki Chrisman "signed a report[,] nothing was done." Id. As relief, Plaintiff requests that the named Defendants "be terminated at once with no pay." Id. at 10. In the alternative, Plaintiff seeks "1 y[ea]r salary from each officer involved and 1 or 1.5 million in restitution." Id.

## II.

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than

pleadings drafted by attorneys.  <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  And, the court views all allegations as true. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>see</u> <u>also</u> <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1349 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." <u>Bilal</u>, 251 F.3d at 1349.  In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies  the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6).  <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008); <u>Mitchell v. Carcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997).  Section 1915(e)(2)(ii) is identical to the screening language of § 1915A.  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007)(abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim.  <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

In any § l983 action, the initial inquiry must focus on whether the two essential elements to a § l983 action are present:

> (1) whether the person engaged in the conduct
> complained of was acting under color of state
> law; and (2) whether the alleged conduct
> deprived a person of rights, privileges or
> immunities guaranteed under the Constitution
> or laws of the United States. <u>Parratt v.
> Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on
> other grounds by</u>, <u>Daniels v. Williams</u>, 474
> U.S. 327 (1986); <u>Burch v. Apalachee Community
> Mental Health Services, Inc.</u>, 840 F.2d 797,
> 800 (11th Cir. 1988), <u>aff'd by</u>, <u>Zinermon v.
> Burch</u>, 494 U.S. 113 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and
suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996);
<u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001).

**III.**

Here, it is clear that the Complaint fails to state claim upon which relief can be granted because Plaintiff lacks standing to bring this action. "[S]tanding is a threshold jurisdictional question that should be addressed prior to and independent of the merits of a party's claims." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005)(citation omitted).

Plaintiff does not allege that any of the named defendants were personally involved in the alleged criminal act. Nor does Plaintiff allege any causal connection between any of the Defendants' conduct and the alleged criminal act. Rather, Plaintiff predicates liability upon the Defendants for their failure to properly investigate the alleged criminal charges and ensure that criminal charges were brought against the female inmate for spitting on him. It is axiomatic that "a private citizen lacks

-4-

a judicially cognizable interest in the prosecution or nonprosecution of another." <u>Leeke v. Timmerman</u>, 454 U.S. 83, 85-86 (1981); <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973); <u>Garcia v. Miami Beach Police Dep't</u>, 336 Fed. Appx. 858, 859 (11th Cir. 2009). This rule applies not only to protect prosecutors, but those who act in a "prosecutorial capacity." <u>Smith v. Shook</u>, 237 F.3d 1322, 1324 (11th Cir. 2001). <u>See</u> <u>also</u> <u>Oliver v. Collins</u>, 904 F.2d 278, 281 (5th Cir. 1990) (holding that "[t]he decision to file or not file criminal charges falls within the category of acts that will not give rise to section 1983 liability").

Further, it is clear from the attachments to the Complaint that the State Attorney declined to prosecute the female inmate, E.S., concerning the incident. <u>See</u> Marion County Sheriff's Office Incident Report #09000915 (revealing that on August 24, 2009, Officer John E. Fluno "spoke telephonically with [the] duty attorney at the State Attorney's office in reference to whether or not they would entertain prosecuting inmate [E.S.] for spitting on inmate Gary Lessor. The duty attorney, after conferring with her supervisors stated that their office would decline to prosecute inmate [E.S.] in this incident.")(Complaint at 14).[2]  Thus,

---

[2]The following is the relevant excerpt from the Incident prepared by Officer Joanne Diaz:

> On 08/07/09, at approximately 1716 hours, I was in the booking hallway when I heard, "don't you ever spit on me." I immediately responded and observed Inmate [E.S.] standing in the middle of the mens sitting area and
> (continued...)

Plaintiff's case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as failing to state a claim upon which relief can be granted.

Accordingly, it is hereby

**ORDERED:**

1.  Plaintiff's complaint is **DISMISSED without prejudice.**

2.  The Clerk of Court shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___19th___ day of February, 2010.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[2](...continued)
> Inmate Lessor Gary yelling at Inmate [E.S] not to spit on him. Inmate [E.S.] was irrate and yelling out, "he raped me." I immediately separated the inmates and placed Inmate [E.S.] in hand restraints for inmate and officer safety(due to her behavior). Officer Waters responded and escorted Inmate Lessor to the infirmary. Nurse Detria Bray flushed Inmate Lessor's eyes and cleared him to return to booking with out restrictions. Inmate [E.S.] was seen and cleared by Nurse Linda Mania, but was placed on suicide precaution. Inmate [E.S.] advised me that Inmate Lessor raped her ten years ago and she did not recognize him until he made a motion to her. This action reminded her and this is why she acted in that manner. Officer Woodson advised that he did not see Inmate [E.S.] spit on Inmate Lessor but did see Inmate Lessor push her away from him. C.A. Washington advised that she did in fact see Inmate [E.S.] walk over to Inmate Lessor and spit in his face. She also saw Inmate Lessor push her away from him. Sergeant Christman was present during the incident. A copy of this report will be sent to Investigator Carter for possible charges.

Complaint at 13.